

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00281-CR
No. 07-19-00282-CR

**JOEL FLOYD, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 108th District Court
Potter County, Texas
Trial Court Nos. 71,537-E & 71,538-E; Honorable Douglas R. Woodburn, Presiding

April 20, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Joel Floyd, was indicted for, and convicted of, aggravated sexual assault of a child[1] and indecency with a child by sexual contact.[2] The first jury trial regarding these charges resulted in a hung jury. A second jury convicted Appellant of each offense and assessed punishment at five years of imprisonment for the conviction of aggravated sexual assault of a child and at two years of imprisonment for the conviction

---

[1] TEX. PENAL CODE ANN. § 22.021(a)(2)(B) (West 2019).

[2] TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2019).

of indecency with a child by sexual contact. The court suspended those sentences in favor of placing Appellant on community supervision for a period of five years and two years respectively. Appellant's community supervision was thereafter revoked, and the trial court sentenced Appellant to serve the originally-imposed sentences. Appellant appeals from those revocations, and by a single issue argues the judgments should be "reformed and modified to reflect a consistent waiver of costs." We overrule Appellant's issue and affirm the judgments of the trial court.

### BACKGROUND

Appellant's prosecution arose out of a delayed report of sexual conduct by Appellant in 2001. As noted, he was convicted of each charged offense in a second jury trial and his sentences were suspended in favor of his placement on community supervision for each conviction. Appellant attempted to appeal his convictions *pro se,* but the trial court determined Appellant was not indigent and this court dismissed his appeals for failure to make required payment.

Thereafter, the State filed a motion to revoke Appellant's community supervision in each cause, alleging Appellant violated the terms and conditions of his supervision by committing the new offense of driving while intoxicated, failing to report as directed, failing to pay certain required fees, and failing to enroll in sex offender counseling as directed.[3] The trial court held a hearing on the State's motion to revoke Appellant's community supervision during which Appellant appeared in person and by retained counsel. At that time, Appellant entered a plea of "true" to the State's allegations, without a

---

[3] At the outset of the revocation hearing, the State waived the third allegation in its motion to revoke in cause number 71,538-E.

recommendation from the State as to the disposition of the case. At the conclusion of the hearing, the trial court revoked the order suspending the imposition of sentence and imposed the original sentences of five years of imprisonment for the conviction of aggravated sexual assault of a child and two years of imprisonment for the conviction of indecency with a child by sexual contact.

Thereafter, Appellant filed notices of appeal from each revocation. The clerk's record in each cause includes an order wherein the trial court appointed appellate counsel to represent Appellant for purposes of these appeals, explicitly stating Appellant "executed an affidavit stating that said defendant is without counsel and is too poor to employ counsel[.]"

Appointed counsel for Appellant has filed a brief concerning each cause before us, arguing the judgments should be reformed. Appellant notes that each judgment contains a section under "Court Costs" that states "As per attached Bill of Cost." Immediately following the judgment in each cause is a document entitled *Article 42.15 Addendum.* That document contains two provisions that are "checked," indicating each applies to Appellant. Those provisions provide as follows:

> __X__ The defendant does not presently have sufficient resources or income to immediately pay all or part of the fine and costs but will, in the future, have the ability to pay the fine and costs at a later date or at designated intervals.

* * *

> __X__ The defendant shall pay all of the fine and costs at designated intervals with the times and amounts of such payments to be determined by the District Clerk/County Clerk or its designee.

Appellant argues these provisions are inconsistent and requests this court reform the judgments to reflect that the above-checked provisions do not apply to him. In lieu thereof, Appellant contends a reformed judgment should check the paragraph shown below:

> __X__ The defendant shall pay all of the fine and costs to District Clerk/County Clerk or its designee upon release on parole or completion of his/her sentence. If the defendant is unable to pay all of the fines and costs upon release, the defendant shall, upon release, appear before the District Clerk/County Clerk or its designee and make arrangements to pay the fine and costs at designated intervals.

### ANALYSIS

In his sole issue on appeal, Appellant argues that the requested reformation is appropriate to resolve the apparent inconsistency in each *Addendum.* As support, he points to the affidavit indicating his indigent status that was filed by Appellant and the appointment of appellate counsel based on the finding of indigency at that time. The State argues Appellant was not indigent and points to the documentation filed at the time of trial and the trial court's explicit determination that Appellant was not indigent at the time he attempted to appeal his original sentence. As such, the State asserts, Appellant is not indigent and is not entitled to a waiver of assessed costs. However, the State does not object to a reformation of either judgment so long as the reformation does not result in a waiver of those costs.

We review the assessment of court costs on appeal to determine whether there was a basis for the costs, not to determine whether there was sufficient evidence offered at trial to prove each cost. *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). Court costs are not a component of the guilt or sentence of a defendant, and they

need not be proven at trial. *Id.* As a result, the conventional *Jackson v. Virginia* evidentiary principles are, for the most part, inapplicable on appellate review to questions concerning *which costs* and *what amounts* are properly assessed. *Id.* (citing *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)).

Likewise, when a trial court makes a determination that a defendant does not have sufficient resources or income to immediately pay all or part of the fine and costs, the question of *how* those fines and costs are to be paid in the future is a matter of judicial discretion. In such a situation, the trial court has basically four options: (1) require that the fine and costs be paid at some later date or in specified installments at designated intervals, (2) require that the fine and costs be discharged by performing community service, (3) waive the fine and costs, in whole or in part, and (4) require that the fine and costs be discharged through any combination of the first three methods. *See* TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1) (West Supp. 2019).

This court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b). *Ramirez v. State*, 336 S.W.3d 846, 852 (Tex. App.—Amarillo 2011, pet. ref'd) (citing *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993)). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment *nunc pro tunc* where the evidence necessary to correct the judgment appears in the record. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd).

Here, we agree with the State that the trial court explicitly determined Appellant was not indigent at the time of trial. However, the matters before us now involve

Appellant's appeals from the revocations of his community supervision in each of the underlying causes, not the appeals from his original convictions. These are separate proceedings. The record indicates, through the affidavit of indigency filed by Appellant and the appointment of counsel for purposes of appeal, the trial court found Appellant to be indigent with regard to appeals of the revocations of his community supervision. "A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2019); *Mayer v. State,* 309 S.W.3d 552, 557 (Tex. Crim. App. 2010). There being nothing in the record to rebut the presumption that Appellant is indigent for purposes of the appeals, we find the State has not rebutted that presumption in its arguments on appeal. A finding of indigence does not, however, automatically equate to a waiver of court costs and fines. As is clear from the provisions of article 42.15(a-1) of the Texas Code of Criminal Procedure, if a defendant cannot immediately pay the fine and court costs assessed, a trial court has several options available to it, including the incremental payment over time, or waiver, in whole or in part.

Here, we are dealing with a locally-drafted (as opposed to a form promulgated by the Office of Court Administration) "Addendum" to a judgment that could be described as being divided in two parts—a "findings" section and an "orders" section. The first part recites, "[a]fter conducting the inquiry required by CCP Art. 42.15(a-1), the Court makes the following findings: . . . ." This recitation is followed by four options. Unfortunately, as drafted, the options are not mutually exclusive such that a given set of facts could conceivably fall under more than one option. The first two options deal with situations

where the trial court finds the defendant has sufficient resources or income to pay the fine and court costs, either immediately or in installments—neither of which is applicable here. In this case, the trial court chose to mark the third option finding the "defendant does not presently have sufficient resources or income to immediately pay all or part of the fine and costs *but will, in the future,* have the ability to pay the fine and costs at a later date or at designated intervals." (Emphasis added). There is nothing about this finding that is incorrect or that is not supported by the record. While the fourth option is similar (it finds the defendant is "indigent" as opposed to simply being unable to immediately pay the fine and costs), but it is also distinguishable (and inappropriate to this case) because it also includes a finding (contrary to the third option) that Appellant "will not, in the future, have the ability to pay the fine and costs . . . ." Therefore, based on the record in this case, we find that the trial court did not err in checking the third option.

The second part of the "Addendum," expressed in seven options, orders that the fine and costs of court either be waived, in whole or in part, or paid according to the terms of the option selected. Again, unfortunately, the options are not mutually exclusive. In this case, the trial court chose the third option ordering Appellant to pay "all of the fine and costs at designated intervals with the times and amounts of such payments to be determined by the District Clerk/County Clerk or its designee." Aside from any question concerning the delegation of judicial authority, there is nothing about this option that is inconsistent with the earlier finding or otherwise inappropriate under the facts of this case. Appellant just seems to prefer the equally available, non-exclusive option that provides that the District Clerk shall defer any collection until he has been released on parole or completed his sentence. Because either option lies within the discretion of the trial court,

and neither option is inconsistent with the earlier finding by the trial court, we find the trial court did not err in checking the third option.  Accordingly, we overrule Appellant's sole issue.

**CONCLUSION**

The trial court's judgments are affirmed.


Patrick A. Pirtle
Justice


Do not publish.